THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS EDWARD KIKENDALL,<br><br>Plaintiff,<br>v.<br><br>BID MY LISTING, INC, *et al.*,<br><br>Defendants. | CASE NO. C25-1237-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Deer Park Road Management Company, LP ("Deer Park"), Scott Burg, Ventures on Woodward, LLC ("VOW"), and Matthew Proman's (collectively the "motion defendants") motions for summary judgment or, in the alternative, dismissal for lack of personal jurisdiction (Dkt. Nos. 33, 35). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motions in part and dismisses all claims against the motion defendants for lack of personal jurisdiction, as explained herein.

I.  BACKGROUND

This is an employment breach of contract case. (*See generally* Dkt. No. 1-1.) Defendant Bid My Listing ("BML") hired Plaintiff, who resides in Washington, as its Chief Financial Officer. (*Id.* at 5–6.) Plaintiff alleges as follows: after he discovered and reported financial misconduct of the then-Chief Executive Officer, Defendant Mr. Proman, to the board of

1  directors, BML terminated Plaintiff's employment. (*Id.* at 6.) Consequently, in addition to what
2  BML already owed Plaintiff pursuant to his employment contract, Plaintiff negotiated a
3  severance package in exchange for execution of a release. (*Id.*) Defendant Mr. Burg negotiated
4  this severance with Plaintiff, on behalf of the board of directors. (*Id.*) Nevertheless, Plaintiff was
5  not paid any of the wages to which he was entitled. (*Id.* at 6–7.) As such, Plaintiff brings a
6  breach of contract claim, a wrongful termination claim, and seeks exemplary damages pursuant
7  to RCW 49.52.070. (*Id.* at 4–5.) The motion defendants move for summary judgment on all
8  claims. (Dkt. Nos. 33, 35.) Alternatively, they argue that this Court lacks personal jurisdiction
9  over the motion defendants, given the location of their business activities and that they had no
10 control over payroll. (Dkt. No. 33 at 11–14; Dkt. No. 35 at 4). Because personal jurisdiction is a
11 foundational issue, *see Intl. Shoe Co. v. State of Wash., Off. of Unempl. Compen. and Placement*,
12 326 U.S. 310, 316 (1945), the Court must address this argument first.

## II.  DISCUSSION

### A.  Legal Standard

When a defendant seeks dismissal for lack of personal jurisdiction, the plaintiff must show that the exercise of jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In assessing whether a plaintiff met his or her burden, the Court takes uncontroverted allegations in the complaint as true and resolves any conflicts between the facts in the documentary evidence in the plaintiff's favor. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

### B.  Personal Jurisdiction

When determining whether the exercise of personal jurisdiction over a defendant is appropriate, federal courts apply the law of the state in which they sit. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Washington courts are permitted "to exercise jurisdiction over a nonresident defendant to the extent permitted by the due process clause of the United States Constitution." *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P.3d 141, 149 (Wash. Ct. App. 2010). Thus,

the only question for the Court is whether its exercise of jurisdiction comports with the limitations imposed by due process. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984).

Due process permits the Court to "subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Int'l Shoe Co.*, 326 U.S. at 316). In turn, fair play and substantial justice mandate that a defendant has minimum contacts with the forum state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316. The extent of these contacts can result in a court possessing either general or specific jurisdiction over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). As Plaintiff does not argue that general jurisdiction exists over the motion defendants, (*see* Dkt. No. 37 at 13), the Court turns to the question of specific jurisdiction.

        1.     <u>Specific Jurisdiction</u>

Specific jurisdiction applies only when each of the following occurs: (1) the defendant purposefully directs his activities or consummates some transaction with the forum, or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs and, if satisfied, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction is unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

Purposeful availment requires something more than the mere placement of a product into the stream of commerce. *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 860 (9th Cir. 2015) (citing *Holland Am. Line Inc. v. Wartsilla N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)).

1  Here, Plaintiff describes the motion defendants' BML board position(s) and negotiations of
2  severance. (*See* Dkt. No. 1-1 at 4–7.) Plaintiff then identifies BML's failure to pay his severance,
3  and the motion defendants' possible participation in the decision to withhold his severance
4  payment. (*Id.*) This is not the "something more" needed for purposeful availment.

5        Plaintiff alleges Deer Park and VOW are Delaware entities, and Proman and Burg reside
6  in New York and Colorado, respectively. (Dkt. No. 1-1 at 3.) Moreover, declarations support the
7  conclusion that Deer Park and VOW's principal places of business are Colorado and New York,
8  respectively. (Dkt. Nos. 34 at 2, 36 at 2.) While RCW 49.52.050 can confer personal jurisdiction
9  over individual corporate officers, it is not without limits. Only an officer "directly responsible
10 for the hiring, firing, promotion, and payment of [Plaintiff's] wages" can be subject to a
11 Washington court's personal jurisdiction. *Failla v. FixtureOne Corp.*, 336 P.3d 1112, 1118
12 (2014). And here, the only avenue Plaintiff provides for this Court to exercise personal
13 jurisdiction over the motion defendants is that they *may* have had control over Plaintiff's wages,
14 and thus jurisdiction would be proper pursuant to RCW 49.52.050. (Dkt. No. 37 at 13–14.)
15 However, the Court will not assume the truth of jurisdictional allegations contradicted by
16 affidavit and/or declaration.[1] *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th
17 Cir. 1977).

18       The motion defendants submitted declarations stating that Deer Park and VOW do not
19 hire, promote, grant salary increases, or otherwise have any authority over the issuance of payroll
20 or payment of wages. (*See* Dkt. Nos. 34 at 2, 36 at 2.) Similarly, though Burg and Proman were
21 members of a special committee that negotiated Plaintiff's severance, they lacked signing
22 authority on BML's bank account during the relevant period and had no authority over whether
23 to make obligated payments, including payroll. (*See* Dkt. Nos. 34 at 2–3, 36 at 3.)

24       Moreover, none of the seven factors ordinarily used to assess whether the exercise of

---

[1] Declarations and affidavits are functional equivalents in this context. *LNS Enterprises*, 22 F.4th at 858 (citing 28 U.S.C. § 1746).

jurisdiction would be reasonable support Plaintiff's position. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114–17 (9th Cir. 2002).[2] Fundamentally, Plaintiff's home-based remote work location is not sufficient to trigger personal jurisdiction over an employer's board members—not without more. *See, e.g.*, *Fields v. Sickle Cell Disease Assn. of Am., Inc.*, 376 F. Supp. 3d 647, 652 (E.D.N.C. 2018), *aff'd*, 770 F. App'x 77 (4th Cir. 2019) (analogizing it with the "unilateral activity" described in *Burger King Corp*, 471 U.S. at 474–74); *Lucachick v. NDS Americas, Inc.*, 169 F. Supp. 2d 1103, 1107 (D. Minn. 2001) (finding an employee's "personal choice" of work location, if not a contract requirement, insufficient to establish personal jurisdiction).

For this and all the reasons described above, the Court lacks specific personal jurisdiction over the moving defendants.

### 2. Jurisdictional Discovery

A district court has broad discretion to permit or deny discovery to determine whether it has personal jurisdiction. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003). "It is well established that '[t]he burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.'" *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998) (quoting *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995)).

Plaintiff argues that jurisdictional discovery is necessary to understand the full extent of Motion Defendant's control over his severance pay. (Dkt. No. 37 at 13–14.) However, the motion defendants' declarations fundamentally address the factual issues on which Plaintiff seeks discovery. (*See generally* Dkt. Nos. 34, 36.) Therefore, Plaintiff's 56(d) motion is

---

[2] Those factors are as follows:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Dole Food Co., Inc.*, 303 F.3d at 1114.

1  DENIED.

2  **III.   CONCLUSION**

3  Defendants' motions for summary judgment (Dkt. Nos. 33, 35) are GRANTED in part. Plaintiff's complaint is DISMISSED without prejudice against Defendants Deer Park Road Management Company, LP, Scott Burg, Ventures on Woodward, LLC, and Matthew Proman. Only claims against Defendant BML remain.

DATED this 31st day of December 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE